UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| ELAINE I. CHAO, Secretary of Labor, ) <br> United States Department of Labor, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> MAGIC P.I. & SECURITY, INC., et al., ) <br>  ) <br> Defendants. ) <br> _____) | Case No. 1:04-cv-205 <br><br> Honorable Joseph G. Scoville <br><br> **OPINION** |

      This is a civil proceeding by the Secretary of Labor brought against fiduciaries of the Magic P.I. & Security 401(k) Profit Sharing Plan for alleged breach of fiduciary duty. Presently pending before the court are the Secretary's motion to deem admitted certain Rule 36 requests for admissions served upon defendant Brenda Mackerel. (Motion, docket # 64). Also pending is the Secretary's motion for summary judgment against defendant Mackerel. (docket # 66). Defendant Mackerel is proceeding without counsel in this matter and is presently in the custody of the Federal Bureau of Prisons, serving a prison sentence of 60 months' incarceration, after a jury convicted her of conversion of pension funds and money laundering. (*See United States v. Mackerel*, case no. 1:04-cr-51). The Secretary served both pending motions on defendant Mackerel at her place of incarceration, but she has failed to file any brief in opposition thereto.

      The parties have consented to the dispositive jurisdiction of a magistrate judge, pursuant to 28 U.S.C. § 636(c). (*See* Consent and Order of Reference, docket # 24). Upon review of the record, I conclude that both motions should be granted.

## I. Motion to Deem Matters Admitted

On March 30, 2005, the Secretary served requests for admissions on defendant Brenda Mackerel. The thirty-day period allowed by Fed. R. Civ. P. 36(a) expired without the filing of answers or objections by defendant. Rule 36(a) provides that, unless the responding party serves a written answer or objection within thirty days of service, "the matter is deemed admitted." Defendant Mackerel has not presented this court with any reason why the rule should not be applied as written.

Accordingly, the factual matters set forth in the Secretary's requests for admissions, nos. 1 through 17 (which are attached to the Secretary's motion, docket # 64, as Exhibit 1) are hereby deemed admitted. The court will rely on these admissions, in addition to the other evidence now appearing of record, in determining whether the Secretary is entitled to a summary judgment.

## II. Motion for Summary Judgment

### A. Applicable Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Terry v. LaGrois*, 354 F.3d 527, 530 (6th Cir. 2004) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see Tucker v. Union of Needletrades*

*Indus. & Textile Workers*, 407 F.3d 784, 787 (6th Cir. 2005); *Rainer v. Union Carbide Corp.*, 402 F.3d 608, 614 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

When the party without the burden of proof (generally the defendant) seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Daniel v. Cantrell*, 375 F.3d 377, 381 (6th Cir. 2004). A moving party with the burden of proof (typically the plaintiff) faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit has

repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000))*; Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). The court must apply this more rigorous standard to the Secretary's motion, as the Secretary bears the burden of proof.

      **B.**      **Findings of Uncontested Fact**

The court has reviewed the substantial factual record amassed by the Secretary in support of her motion for summary judgment, including the admissions made by defendant Brenda Mackerel under Rule 36 and the undisputed documentary evidence now before the court. Review of those materials, which are unrebutted by defendant, discloses the following undisputed facts.

      1.      Defendant Magic P.I. & Security, Inc. (Magic P.I.) is a Michigan corporation that sponsored an employee benefit plan, which was established on January 1, 1997. Defendant Mackerel, who was a vice-president of Magic P.I., was a fiduciary of the plan. She signed the plan document as a named trustee and performed the duties of Plan Administrator on behalf of Magic P.I.

      2.      During the time relevant to this action, Magic P.I. entered into contracts with various federal agencies to provide services, including guard services. The ERISA plan was funded by fringe benefit contributions made by Magic P.I. pursuant to federal contracting law. In general,

only employees working on the federal contract participated in the plan, with the exception of defendant Mackerel and Michelle Carter, who made their own employee contributions to the plan. The plan allowed participants to direct their own investments in individual participant accounts.

        3.      The plan maintained two accounts. The first was maintained with American Express Financial Advisors, the plan asset custodian. The second account was maintained at Fifth Third Bank. The second account was used to disburse plan assets to participants. A participant requesting a distribution completed an election form and forwarded the form to defendant Mackerel, who would then cause American Express to remit the funds to her as trustee of the plan. Defendant Mackerel was then supposed to endorse the check and deposit the check in the Fifth Third distribution account, for ultimate distribution to the participants.

        4.      As noted above, the contracts between Magic P.I. and federal agencies called for the agencies to remit Health and Welfare allowances to the plan. These contributions were held in the American Express custodial account. When service contracts between government agencies and Magic P.I. terminated, employees of Magic P.I. who lost their job as a result thereof would typically submit requests for distribution of their plan assets. On May 3, 2000, defendant Mackerel sent American Express a request for distribution of $32,536.10 in plan assets for distribution to such employees. On May 12, 2000, American Express issued plan distribution checks to "Don Magett or Brenda Mackerel" as trustees of the plan. Defendant Mackerel thereafter endorsed the checks and deposited them in the Fifth Third distribution account. On December 11, 2000, Mackerel again sent American Express a request for distribution of $145,712.43 in plan assets, but failed to designate which plan participants had requested the distribution. Again, American Express issued plan distribution checks to Magett or Mackerel as trustees, and Mackerel deposited the funds in the Fifth

Third distribution account. On September 27, 2001, Mackerel processed a request for distribution by American Express of $177,524.94 in plan assets, for specified plan participants. In October, 2001, Mackerel endorsed checks issued by American Express totaling this amount and deposited the proceeds in the Fifth Third distribution account.

5. During the period March 29, 1999 through April 13, 2004, defendant Mackerel failed to distribute $279,410.35 of plan assets thus obtained from American Express for the purpose of making distributions to plan participants. Rather, she used these funds to pay Magic P.I.'s general operating expenses, such as payroll. Additionally, she transferred some of such funds to defendant Magic Civil Process, allegedly as an undocumented loan.

6. During the period December 31, 1999 through February 28, 2002, defendant Mackerel received contributions from federal agencies totaling $226,745.63, as contributions to a plan. Defendant Mackerel did not remit these amounts to the plan custodian, but used them to pay general expenses of defendant Magic P.I.

7. During the period December 1, 1998 through December 1, 2001, the plan's distribution account incurred $428.00 in overdraft fees, as a result of defendant Mackerel's failure to monitor this account.

8. Defendant Mackerel failed properly to compute participant benefit distributions, by merely multiplying the number of hours worked by the contract fringe benefit hourly rate, without including earnings attributable to the participants' investments or the market value of those investments on the date of liquidation.

9. Defendant Mackerel failed to obtain a fidelity bond for the plan.

**Conclusions of Law**

1.      The Secretary brings this action under section 502(a)(2), (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5) to enjoin acts and practices that violate the provisions of Title I of ERISA and to obtain equitable relief for breaches of fiduciary duty under section 409 of ERISA, 29 U.S.C. § 1109.  This court has jurisdiction over this action pursuant to section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).  Venue is proper in this district because the plan was administered in Kalamazoo, Michigan.

2.      At all relevant times, defendant Mackerel was a fiduciary of the plan within the meaning of section 3(21)(A)(iii) of ERISA, 29 U.S.C. § 1002(21)(A)(iii).

3.      Defendant Mackerel failed to act for the exclusive benefit of plan participants, when she engaged in prohibited transactions with parties in interest, by her transfer of $279,410.35 in plan assets to defendants Magic P.I. and Magic Civil Process for payment of their general expenses.  Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A), requires a fiduciary to discharge her duties with respect to the plan for the exclusive benefit of the participants and beneficiaries of the plan.  Furthermore, sections 406(a)(1)(B) and (D) preclude a fiduciary from lending or transferring plan assets to a party in interest.  29 U.S.C. §§ 1106(a)(1)(B), (D).  Mackerel's transfer of funds to Magic P.I. and Magic Civil Process, both parties in interest, violated this section of ERISA.

4.      Defendant Mackerel failed to act for the exclusive benefit of plan participants by engaging in prohibited transactions with a party in interest when she converted contributions from federal agencies totaling $226,745.63 to the use of Magic P.I., rather than remitting those funds to the plan custodial account.  This was in violation of section 404(a)(1)(A) of ERISA, 29 U.S.C. §

1104(a)(1)(A). Defendant Mackerel's failure to remit the agency contributions to the plan also resulted in Magic P.I. having the use and benefit of plan assets, in violation of section 406(a)(1)(B) of ERISA, 29 U.S.C. § 1106(a)(1)(B), which prohibits a fiduciary from lending money or other extensions of credit between the plan and a party in interest.

       5.    Defendant Mackerel failed to act for the exclusive benefit of the plan, when her negligence caused the incurrence of overdraft fees by the plan in the amount of $428.00.

       6.    Defendant Mackerel failed to act for the exclusive benefit of plan participants and beneficiaries and failed to act in accordance with plan documents when she incorrectly calculated participant distributions.

       7.    Defendant Mackerel violated the requirements of section 412(a) of ERISA, 29 U.S.C. § 1112(a), which requires that every fiduciary of an employee benefit plan and every person who handles funds of such plans be bonded to protect the plan against loss by reason of acts of fraud or dishonesty. At all relevant times in this action, defendant Mackerel was a plan fiduciary and received, disbursed, and exercised control over plan funds, without being bonded, in violation of this requirement of ERISA.

### Conclusion

The court determines that the Secretary has met the high standard of establishing that the evidence is so one-sided in the Secretary's favor that any reasonable trier of fact would conclude that defendant Mackerel has violated the requirements of ERISA as found above. Plaintiff's motion

for summary judgment (docket # 66) will therefore be granted and a summary judgment of liability will be entered in favor of plaintiff and against defendant Mackerel.


Dated:   December 5, 2005              /s/  Joseph G. Scoville
                                       United States Magistrate Judge