UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, ) | |
| United States Department of Labor, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:04-cv-205 |
| ) | |
| v. ) | Honorable Joseph G. Scoville |
| ) | |
| MAGIC P.I. & SECURITY, INC., et al., ) | |
| ) | **OPINION** |
| Defendants. ) | |
| _____ ) | |

      This is a civil action brought by the Secretary of Labor against the following defendants: Magic P.I. & Security, Inc.; Magic P.I. & Security 401(k) Profit Sharing Plan; Magic Civil Process, Inc.; Brenda Mackerel; and Donald Magett. The Secretary alleges that defendants violated numerous provisions of the Employee Retirement Income Security Act of 1974 ("ERISA), as amended, 29 U.S.C. §§ 1001, *et seq.* Plaintiff's complaint consists of five counts:

    Count 1- Transfer of Plan Assets for Non-Plan Purposes
        Count 1(a) -   Transfer of Plan Assets
        Count 1(b) -   Transfer of Plan Assets to Magic Civil Process, Inc. and Employees
                        of Magic Civil Process, Inc.;

    Count 2- Contributions to the Plan;

    Count 3- Failure to Properly Administer the Plan;

    Count 4- Failure to Calculate Participant Benefit Distributions Correctly; and

    Count 5- Failure to Maintain a Fidelity Bond.

(Compl., docket # 1). Plaintiff requests that the court's judgment include the following relief:

A. Permanently enjoining defendants Donald Magett, Brenda Mackerel, and Magic P.I. & Security Inc. from violating the provisions of Title I of ERISA;

B. Ordering defendants Donald Magett, Brenda Mackerel, and Magic P.I. & Security, Inc. to make good to the Plan any losses, including lost opportunity costs, resulting from fiduciary breaches committed by such defendants for which such defendants are liable;

C. Ordering defendants Donald Magett, Brenda Mackerel, and Magic P.I. & Security, Inc. to correct the prohibited transactions in which they engaged, restore any losses to the Plan, disgorge any profits, and pay appropriate interest;

D. Ordering defendant Magic Civil Process, Inc. to correct the prohibited transactions in which it knowingly participated, restore any losses to the Plan, disgorge any profits, and pay appropriate interest;

E. Permanently enjoining defendants Magic P.I. & Security, Inc., Donald Magett and Brenda Mackerel from serving or acting as fiduciaries to any ERISA-covered employee benefit plan, and removing them from any position they may now hold as fiduciaries of the Plan;

F. Appointing an independent fiduciary to administer the Plan;

G. Requiring defendants Donald Magett, Brenda Mackerel, and Magic P.I. & Security, Inc. to pay for an accounting of Plan distributions to determine, per participant, gains and losses from the Plan's failure to account for earnings and losses attributable to each individual participant's account;

H. Awarding the Secretary the costs of this action; and

I. Ordering such further relief as is appropriate and just.

(*Id.* at 14-15).

On October 5, 2004, the court entered a default judgment as to defendants Magic P.I. & Security, Inc. and Magic P.I. & Security 401(k) Profit Sharing Plan. (docket # 18). On December 5, 2005, the court entered an order granting plaintiff's motion for summary judgment as to defendant Brenda Mackerel, finding her liable on all claims plaintiff made against her in the complaint. (docket # 77). Now pending before the court is plaintiff's motion for summary judgment against

defendants Donald Magett and Magic Civil Process, Inc. (docket # 98). Defendants Magett and Magic Civil Process, Inc. have elected not to file a brief in opposition to plaintiff's motion for summary judgment.

The parties have consented to the dispositive jurisdiction of a magistrate judge, pursuant to 28 U.S.C. § 636(c). (*See* Consent and Order of Reference, docket # 24). Upon review of the record, I conclude that plaintiff's motion for summary judgment should be granted.

### **Applicable Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Terry v. LaGrois*, 354 F.3d 527, 530 (6th Cir. 2004) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see Tucker v. Union of Needletrades Indus. & Textile Workers*, 407 F.3d 784, 787 (6th Cir. 2005); *Rainer v. Union Carbide Corp.*, 402 F.3d 608, 614 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

When the party without the burden of proof (generally the defendant) seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim.  *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings.  FED. R. CIV. P. 56(e); *see Daniel v. Cantrell*, 375 F.3d 377, 381 (6th Cir. 2004).

A moving party with the burden of proof (typically the plaintiff) faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The United States Court of Appeals for the Sixth Circuit has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed.

2000))*; Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). The court must apply this more rigorous standard to the Secretary's motion. The absence of a brief or submission of evidence by defendants does not alter the standard. Upon review, the court finds that the Secretary has satisfied her burden of proof.

### Findings of Uncontested Fact

The court has reviewed the substantial factual record amassed by the Secretary in support of her motion for summary judgment, including the written response by defendants Magett and Magic Civil Process, Inc. to the deposition on written questions posed by plaintiff, and the undisputed documentary evidence now before the court. Review of those materials, which are unrebutted by defendants, discloses the following undisputed facts.

1. Defendant Magic P.I. & Security, Inc. ("Magic P.I.") is a Michigan corporation that sponsored the Magic P.I. & Security 401(k) Profit Sharing Plan ("Plan"), which was established on January 1, 1997. Defendant Donald Magett was president and owner of Magic P.I. and a fiduciary of the Plan. Defendant Magett signed the Plan document as a named trustee.

2. Defendant Magic Civil Process, Inc. ("Magic Civil Process") is a Michigan corporation owned, operated, and controlled by defendant Magett.

3. Defendant Magett was Brenda Mackerel's supervisor from December 1, 1998, through December 31, 2002. Defendant Magett placed Brenda Mackerel in charge of the day-to-day administration of the Plan.

4. During the time relevant to this action, Magic P.I. entered into contracts with various federal agencies to provide services, including guard services. The Plan was funded by fringe benefit contributions made by Magic P.I. pursuant to federal contracting law. In general, only employees working on the federal contract participated in the Plan, with the exception of defendant Mackerel and Michelle Carter, who made their own employee contributions to the Plan. The Plan allowed participants to direct their own investments in individual participant accounts.

5. During the period from December 31, 1999 through February 28, 2002, pursuant to its federal contracts, defendant Magic P.I. received $226,745.63 from federal agencies to fund contributions to the Plan. During this same time period, defendant Magett as president and sole owner of Magic P.I. controlled disbursements from Magic P.I.'s general operating accounts. Defendant Magett did not remit the contributions from the federal agencies to the Plan's custodian, but instead used these funds to pay Magic P.I.'s general expenses.

6. The Plan maintained two accounts. The first was maintained with American Express Financial Advisors, the Plan's asset custodian. The second account was maintained at Fifth Third Bank. The second account was used to disburse Plan assets to terminated Plan participants. Defendant Magett was the only signator on the Plan's distribution account. A participant requesting a distribution completed an election form and forwarded the form to defendant Mackerel, who would then cause American Express to remit the funds to her and defendant Magett as co-trustees of the Plan. Defendant Mackerel was then supposed to endorse the check and deposit the check in the Fifth Third distribution account, for ultimate distribution to the participants.

7. As noted above, the contracts between Magic P.I. and federal agencies called for the agencies to remit health and welfare allowances to the Plan. These contributions were held

in the American Express custodial account. When service contracts between government agencies and Magic P.I. terminated, employees of Magic P.I. who lost their jobs as a result thereof would typically submit requests for distribution of their Plan assets.

       8. On May 3, 2000, defendant Mackerel sent American Express a request for distribution of $32,536.10 in Plan assets for distribution to such employees. On May 12, 2000, American Express issued Plan distribution checks in the total amount of $32,536.10 to "Don Magett or Brenda Mackerel" as trustees of the Plan. Defendant Mackerel thereafter endorsed the checks and deposited them in the Plan's Fifth Third distribution account.

       9. On December 11, 2000, defendant Mackerel again sent American Express a request for distribution of $145,712.43 in Plan assets, but failed to designate which Plan participants had requested the distribution. Again, American Express issued Plan distribution checks in the requested amount in the name of defendants Magett or Mackerel as Plan trustees, and Mackerel deposited the funds in the Fifth Third distribution account.

       10. On September 27, 2001, defendant Mackerel sent American Express a request for distribution of $177,524.94 in Plan assets. Mackerel did not provide proof that participants had requested a distribution of their accounts. In October 2001, Mackerel endorsed checks issued by American Express totaling this amount and deposited the proceeds in the Fifth Third distribution account and in a Magic P.I. account at West Michigan Savings Bank.

       11. During the period March 29, 1999 through April 13, 2002, defendant Magett, as the Plan's trustee, failed to distribute $283,982.35 in Plan assets obtained from American Express to the appropriate Plan participants. Instead, defendant Magett used these funds to pay Magic P.I.'s general operating expenses, such as payroll. Additionally, defendant Magett transferred some of

these funds to defendant Magic Civil Process, as an undocumented loan.  Defendant Magett transferred the monies by issuing checks from the distribution account to Magic P.I., Magic Civil Process, Magic Civil Process employees, defendant Mackerel, and Lucie Magett in order to pay Magic P.I. and Magic Civil Process' corporate expenses.

12. During the period December 1, 1998 through December 1, 2001, the Plan's distribution account incurred $428.00 in overdraft fees, as a result of defendant Magett's failure to monitor this account.

13. Defendant Magett failed to make certain that his co-fiduciary, defendant Mackerel, correctly computed participant distributions.

14. Defendant Magett failed to obtain a fidelity bond for the Plan.

### Conclusions of Law

1. The Secretary brings this action under section 502(a)(2), (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5) to enjoin acts and practices that violate the provisions of Title I of ERISA and to obtain equitable relief for breaches of fiduciary duty under section 409 of ERISA, 29 U.S.C. § 1109.  This court has jurisdiction over this action pursuant to section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).  Venue is proper in this district because the Plan was administered in Kalamazoo, Michigan.

2. At all relevant times, defendant Magett was a fiduciary of the Plan within the meaning of sections 3(21)(A)(i) and (iii) of ERISA, 29 U.S.C. § 1002(21)(A)(i), (iii), and a party in interest to the Plan within the meaning os section 3(14)(A), (E), (H) of ERISA, 29 U.S.C. §§ 1002(14)(A), (E), (H).  As a fiduciary, defendant Magett was responsible for adhering to the

standards of fiduciary conduct set forth in ERISA, and he is liable for any violation of those standards. 29 U.S.C. § 1109.

       3.      ERISA prohibits a fiduciary from lending or transferring plan assets to a party in interest. 29 U.S.C. §§ 1106(a)(1)(B), (D). Defendants Magic P.I. and Magic Civil Process are both parties in interest. 29 U.S.C. § 1102(14). Lucille Mackerel, Diona Wicks, James Magett, Mose Magett, and Dawn Clark were all employees of Magic P.I., and therefore parties in interest pursuant to section 3(14)(H) of ERISA. 29 U.S.C. § 1002(14)(H).

       4.      By allowing Brenda Mackerel, an employee he supervised, to use $277,367.85 in Plan assets to pay defendants Magic P.I. and Magic Civil Process's general expenses and use the Plan's assets as loans, defendant Magett actively participated in a series of prohibited transactions in violation of sections 406(a)(1)(B), (D) and 406(b)(1), (2) of ERISA. 29 U.S.C. §§ 1106(a)(1)(B), (D) and 29 U.S.C. §§ 1106(b)(1), (2).

       5.      Defendant Magett engaged in a series of prohibited transactions when he caused $277,367.85 in Plan assets to be transferred from the Plan's American Express account to Magic P.I. and from the Plan's Fifth Third distribution account to Magic P.I., its creditors, and Magic P.I. employees in violation of sections 406(a)(1)(B), (D) and 406(b)(1), (2) of ERISA. 29 U.S.C. §§ 1106(a)(1)(B), (D) and 29 U.S.C. §§ 1106(b)(1), (2).

       6.      Defendant Magett personally benefitted from using the Plan's assets to pay Magic P.I.'s business expenses. Plan assets were used to pay defendant Magett's salary from Magic P.I. The corporate defendant Magic P.I. directly benefitted by the use of Plan assets to pay its business expenses in violation of sections 406(b)(1), (2) of ERISA. 29 U.S.C. §§ 1106(b)(1), (2).

By acting on behalf of himself and Magic P.I., defendant Magett took positions that were adverse to the Plan's interest in violation of ERISA sections 406(b)(1) and (2). 29 U.S.C. § 1106(b)(1), (2).

7. Defendant Magett failed to act for the exclusive benefit of Plan participants and violated the trust provisions of ERISA when he engaged in prohibited transactions with parties in interest and by the transfer or loan of Plan assets. Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A), requires a fiduciary to discharge his duties with respect to the Plan for the exclusive benefit of the participants and beneficiaries of the Plan.

8. Defendant Magic Civil Process violated ERISA sections 406(a)(1)(B) and (D), 29 U.S.C. §§ 1106(a)(1)(B), (D), by acting in concert with defendant Mackerel and defendant Magett to transfer or loan a total of $6,614.50 in Plan assets to Magic Civil Process and its employees.

9. Defendant Magett violated section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A), by failing to act for the exclusive benefit of Plan participants and beneficiaries when he failed to forward SCA contribution monies Magic P.I. had received from federal contractors to the Plan's asset custodian for deposit in the Plan. During the period December 31, 1999 through February 28, 2002, defendant Magic P.I. received contributions to the Plan from federal agencies totaling $226,745.63. During the same period, defendant Magett as president and sole owner of Magic P.I. controlled disbursements from Magic P.I.'s general operating accounts. Defendant Magett chose to pay Magic P.I.'s general expenses with contributions remitted from federal agencies intended for the Plan in violation of ERISA. By failing to remit such monies to the Plan defendant Magett violated his duty to act for the exclusive benefit of the Plan's participants in violation of section 404(a)(1)(A) of ERISA. 29 U.S.C. § 1104(a)(1)(A).

10. Defendant Magett's failure to remit the SCA contributions to the Plan resulted in Magic P.I. having the use and gaining the benefit of Plan assets in violation of ERISA's section 406(a)(1)(B). 29 U.S.C. § 1106(a)(1)(B).

11. Defendant Magett violated section 406 of ERISA, 29 U.S.C. § 1106, by failing to remit all SCA contributions to the Plan and authorizing the loan of these monies to Magic P.I. This transfer of monies between the Plan to a party in interest was a prohibited transaction.

12. Defendant Magett violated his co-fiduciary duties when he failed to ensure that the Plan's distribution account avoided overdraft charges, causing the incurrence of overdraft fees by the Plan in the amount of $428.00. 29 U.S.C. § 1105(b)(1)(A). Defendant Magett also failed to ensure that participant distributions were correctly calculated, in violation of ERISA section 405(B)(1)(A). 29 U.S.C. § 1105(b)(1)(A). Defendant Magett's failure to act for the exclusive benefit of Plan participants and beneficiaries gave rise to defendant Mackerel's breach. Defendant Magett failed to act for the exclusive benefit of the participants and beneficiaries of the Plan, and by doing so, enabled a co-fiduciary, defendant Mackerel, to commit breaches of fiduciary duties. Magett is liable for Mackerel's breaches pursuant to ERISA section 405(a)(2). 29 U.S.C. § 1105(a)(2).

13. Defendant Magett violated the requirements of section 412(a) of ERISA, 29 U.S.C. § 1112(a), which requires that every fiduciary of an employee benefit Plan and every person who handles funds of such Plans be bonded to protect the Plan against loss by reason of acts of fraud or dishonesty. At all relevant times in this action, defendant Magett was a Plan fiduciary and received, disbursed, and exercised control over Plan funds, without being bonded, in violation of this requirement of ERISA.

**Conclusion**

The Secretary has met the high standard of establishing that the evidence is so one-sided in the Secretary's favor that any reasonable trier of fact would conclude that defendants Donald Magett and Magic Civil Process, Inc. have committed all the ERISA violations alleged in the complaint. Plaintiff's motion for summary judgment (docket # 98) will therefore be granted as to the liability of defendants Donald Magett and Magic Civil Process, Inc. Plaintiff will be directed to submit a proposed judgment and permanent injunction within 14 days. Plaintiff will also be directed to file an accompanying brief explaining the underlying calculations for the money judgment sought against each defendant and identifying the specific legal authority entitling plaintiff to any interest, fees, or costs requested. Defendants will have 14 days after plaintiff's proposed judgment and injunction is filed within which to file briefs in opposition. After the expiration of the latter deadline, the court will enter its final judgment and permanent injunction.

Dated:  March 2, 2007                  /s/  Joseph G. Scoville
                                       United States Magistrate Judge